IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:19-cv-02892-DDD-MEH

PAUL NASH,

     Plaintiff,

v.

PET PLAN, LTD.,

     Defendant.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held on June 8, 2020.  Appearing for the parties were:

For Plaintiff:
Brett E. Lewis
LEWIS & LIN, LLC
81 Prospect St., Suite 8001
Brooklyn, NY 11201
Telephone: (718) 243.9323, Ext. 2
brett@iLawco.com

For Defendant:
Benjamin N. Simler
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: 303.295.8000
bnsimler@hollandhart.com

## 2. STATEMENT OF JURISDICTION

Federal question : 28 USC § 1331

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Dr. Paul Nash has been a practitioner of the Asian healing arts since his teenage years and has enjoyed a long, successful professional career since 1986 as a chiropractor, licensed acupuncturist and thereafter as a Certified Traditional Naturopath. Dr. Nash registered the domain names <DNAPetPlan.com> and <DNAPetPlans.com> (the "Domain Names") in good faith, for use in connection with the offering of personalized "DNA Plan" services, without knowledge of Defendant's "Pet Plan" trademark. Plaintiff has registered a number of other "DNA PLAN" formative domain names, including <DNALifePlan.com>, which Plaintiff registered on the same day as <DNAPetPlan.com>.

Plaintiff brought this action to stop the transfer of the Domain Names pursuant to WIPO proceeding, *Pet Plan Ltd. v. Paul Nash*, D2019-1434 (the "WIPO Proceeding"), which disregarded clear factual evidence and Dr. Nash's sworn affidavit to award the Domain Names to Defendant. In the WIPO Proceeding, Defendant made material misrepresentations that the Domain Names were confusingly similar to its "Pet Plan" trademark. Defendant also falsely asserted that it owned a *famous* trademark, and that no conceivable use of the "Pet Plan" mark could be legitimate, without violating Defendant's trademark rights. The only trademark doctrine that prohibits *any* use of a claimed trademark, and which relies on fame, is trademark dilution. The WIPO Panel relied on these material misrepresentations to award the Domain Names to Defendant.

Dr. Nash seeks a declaratory judgment and *de novo* determination that its ownership of the Domain Names is lawful. Plaintiff also seeks a finding of reverse domain name hijacking

against Defendant, and an award of attorneys' fees and damages.

b.  Defendant: Pet Plan denies liability for any of Plaintiff's claims.  Certain of Plaintiff's legal theories are not legally cognizable at all, while others are doomed based on the facts alleged.  Pet Plan has moved to dismiss and strike the Complaint in part for these reasons. Pet Plan has not yet filed an Answer, but is considering making counterclaims.

c.  Other Parties:

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1)  Plaintiff is a natural person domiciled in Minnesota.

2)  Defendant is a United Kingdom limited company.

3)  Plaintiff registered the domain name <dnapetplan.com> with NameBright.com Inc. (a/k/a TurnCommerce, Inc.), in March 2019.

4)  On June 21, 2019, Defendant, though authorized representative CSC Digital Brand Services Group AB filed a Complaint (the "UDRP Complaint") with the World Intellectual Property Organization Arbitration and Mediation Center ("WIPO"), invoking the Uniform Domain Name Dispute Resolution Policy approved by the Internet Corporation for Assigned Names and Numbers on October 24, 1999, the Rules for Uniform Domain Name Dispute Resolution Policy, with an effective date of July 31, 2015, and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy, and identifying Plaintiff as the Respondent (the "UDRP Proceedings").

5)  The initial UDRP Complaint identified <dnapetplan.com> as a domain name in dispute.

6) On July 5, 2019, Plaintiff registered the domain name dnapetplans.com with NameBright.com Inc. (a/k/a TurnCommerce, Inc.).

7) The domain name <dnapetplans.com> was then added as a domain name in dispute to the UDRP Proceedings by later-filed documents.

8) Defendant is the owner of trademark registrations for its PETPLAN marks in multiple jurisdictions, including U.S. Trademark Reg. No. 3161569; U.K. Trademark Reg. No. UK00002052294; Canadian Trademark Reg. No. TMA463628; and European Trademark Reg. No. 000328492.

9) Defendant's U.S. Trademark Reg. No. 3161569 for its PETPLAN mark is incontestable pursuant to Section 15 of the Trademark Act, 15 U.S.C. §1065.

10) Plaintiff initially pointed the name servers for the Domain Name dnapetplan.com to redirect World Wide Web users to a Web site located at www.nutribiologic.com.

11) Defendant first tried to contact Plaintiff on April 24, 2019, through a cease and desist letter sent by email, which email Plaintiff received.

12) On September 18, 2019, the WIPO arbitrator issued a decision resolving the UDRP Proceedings in Defendant's favor, finding that Plaintiff's registration of the disputed domains was in bad faith and ordering the disputed domains to be transferred to Defendant.

13) Currently, the name servers for the  Domain Names to redirect World Wide Web users to a Web site located at www.ChiroDNA.com.

14) Plaintiff filed the Complaint in this Court on October 10, 2019.

4

15) Defendant, through counsel, accepted service of process by e-mail on or about April 28, 2020.

## 5.  COMPUTATION OF DAMAGES

Plaintiff's Position: Plaintiff is entitled to recovery of its attorneys' fees in this action and statutory damages of up to $100,000, pursuant to 15 U.S.C. § 1114(2)(D)(iv). Defendant is not entitled to damages under any cognizable legal theory. Plaintiff's career as a chiropractor, licensed acupuncturist and thereafter as a Certified Traditional Naturopath supports his registration of the Domain Names for his stated purpose. His registration of other "DNA Plan" domain names makes crystal clear that his intent in registering the Domain Names was not to target Defendant's pet insurance mark. An assertion of counterclaims would lack basis in fact and law.

Defendant's position: Plaintiff is not entitled to seek or recover damages, costs, or attorneys fees for its claims.  Defendant has not yet determined if it will assert counterclaims for which it may seek damages.

## 6.  REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.   Date of Rule 26(f) meeting: June 1, 2020

    b.   Names of each participant and party he/she represented.

Justin Mercer, for Plaintiff Dr. Paul Nash.

Benjamin N. Simler, for Defendant Pet Plan Ltd.

    c.   Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff's Position: June 25, 2020

Defendant's Position: June 25, 2020; Justification: Defendant is a foreign entity with personnel,

materials, and foreign counsel located in the United Kingdom, such that communications with

counsel in this action would be delayed even under normal circumstances; however, impacts of

the current global pandemic already have further exacerbated these concerns, and are anticipated

to continue to impact timing throughout this case.

    d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R.
          Civ. P. 26(a)(1).

Plaintiff's Position: None

Defendant's Position: see above.

    e.   Statement concerning any agreements to conduct informal discovery:

None.

    f.   Statement concerning any other agreements or procedures to reduce discovery and other
         litigation costs, including the use of a unified exhibit numbering system.

Plaintiff's Position: Plaintiff proposes to conduct some of Defendant's depositions

telephonically, or through remote audiovisual means to accommodate parties abroad.

Defendant's Position: Deposition exhibits will be consecutively numbered.

    g.      Statement as to whether the parties anticipate that their claims or defenses will involve
extensive electronically stored information, or that a substantial amount of disclosure or discovery will
involve information or records maintained in electronic form.

The parties anticipate that their claims or defenses will involve electronically stored

information. The parties will attempt to agree upon the parameters of electronic discovery as

6

they believe appropriate. The parties will not be required to log privileged documents that relate to or that post-date the initiation of the filing of the Complaint.

      h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have not engaged in formal settlement discussions; however, they did discuss the prospect of settlement during their conference. Given the status of the case and the parties positions, they cannot yet gauge the possibility of a prompt settlement.

Plaintiff's Position: Plaintiff believes that a prompt settlement conference could be helpful to resolve the parties' positions and facilitate resolution. However, Plaintiff does not agree that early neutral evaluation pursuant to D.C.COLO.LCivR 16.6 would be necessary. Further, given the cloud over the title to Plaintiff's domain names and the fact that Defendant's pending motion will be rendered moot by Plaintiff's to-be-filed Amended Complaint, Plaintiff does not propose waiting until resolution of any motion practice to formally discuss settlement.

Defendant's Position: Defendant requests prompt early neutral evaluation pursuant to D.C.COLO.LCivR 16.6 following resolution of its pending Partial Motion to Dismiss and To Strike (or, if Plaintiff amends his Complaint, any similar motion in response to the amended complaint).

## 7.  CONSENT

      All parties      ☐ [have]    X    [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Plaintiff's position: none, per rule.

Defendant's position: 10 interrogatories and 3 depositions, with additional interrogatories and depositions available upon motion and showing of good cause or by stipulation of the parties

**Court: Twenty interrogatories and three depositions per side without leave of court.**

b.   Limitations which any party proposes on the length of depositions.

None, per rule.

c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.

Plaintiff's position: No more than 25 requests for production and no more than 10 requests to admit.

Defendant's position: per rule

**Court: Twenty-five interrogatories and twenty-five requests for admission without leave of court.**

d.   Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Defendant's position: 45 days before the close of fact discovery

**Court: Forty-five days before close of discovery.**

e.   Other Planning or Discovery Orders

Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to

8

hegarty_chambers@cod.uscourts.gov.  *See* Fed. R. Civ. P. 16, cmt. 2015 Amendment. The Court

will determine at the conference whether to grant the movant leave to file the motion.

### 9.  CASE PLAN AND SCHEDULE

      a.      Deadline for Joinder of Parties and Amendment of Pleadings:

Plaintiff's position: 45 days after the scheduling conference.

Defendant's position: 90 days after the later of Court's final order regarding any motion to

dismiss or strike that may be filed in response to Plaintiff's first amended complaint, or the filing

of Defendant's answer.

      b.      Discovery Cut-off:

Plaintiff's position: Fact discovery cut-off: October 30, 2020; Expert discovery cut-off January 1,
2021.

Defendant's position: Fact discovery cut-off: April 2, 2021; Expert discovery cut-off June 8,
2021.

**Court:  All discovery due February 28, 2021**

      c.      Dispositive Motion Deadline:

Plaintiff's position: February 5, 2021

Defendant's position: June 29, 2021

**Court:  March 31, 2021**

      d.      Expert Witness Disclosure

            1.      The parties shall identify anticipated fields of expert testimony, if
                     any.

Plaintiff's position: none, however Plaintiff reserves the right to produce rebuttal experts to

defendant's claims of famousness, dilution and/or damages.

Defendant's position: Undetermined; potentially to include plaintiff's infringement/cyberpiracy,

defendant's damages, and issues of foreign laws.

2. Limitations which the parties propose on the use or number of expert witnesses.

Plaintiff's position: none

Defendant's position: no limit.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20_____.

Plaintiff's position:    November 13, 2020

Defendant's position:  April 16, 2021

**Court:  December 31, 2020**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 20_____.

Plaintiff's position: December 4, 2020

Defendant's position:  May 14, 2021

**Court:  January 31, 2021**

e. Identification of Persons to Be Deposed:

Plaintiff's position: 30(b)(6) witness of Defendant, 7 hours; Plaintiff reserves the right to notice

additional witness after issue is joined and/or initial disclosures are exchanged.

Defendant's position:  Plaintiff, Paul Nash, 7 hours

10

## 10.  DATES FOR FURTHER CONFERENCES

a.   Status conferences will be held in this case at the following dates and times:

_____.

b.   A final pretrial conference will be held in this case by Judge Domenico.

## 11.  OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

b.   Anticipated length of trial and whether trial is to the court or jury.

Plaintiff's position: 2 dates to the Court

Defendant's position:  2 days to the court on Plaintiff's claims; if counterclaims are asserted, 3-4 days to a jury.

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse
1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's

client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or

Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 8th day of June, 2020.

BY THE COURT:

S/Michael E. Hegarty
United States Magistrate Judge

APPROVED:

/s/ Justin Mercer
Justin Mercer
81 Prospect Street, Suite 8001
Brooklyn, NY 11201
Tel:. 718-243-9323
Attorney for Plaintiff

/s/Benjamin N. Simler
Benjamin N. Simler, Holland & Hart LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Tel: 303-295-8000
Attorney for Defendant